# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TINA M. WELLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 05-0042-CV-W-FJG |
| | ) |
| CASS COUNTY PROSECUTOR'S | ) |
| OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is a Motion to Dismiss filed by the Cass County Prosecutor's Office (Doc.# 9); a Motion to Dismiss filed by Christopher A. Koster (Doc. # 11), plaintiff's Motion for Substituted Service (Doc. # 12), plaintiff's Motion to Dismiss (Doc. # 15) and defendant's Motion for an Extension of Time to Complete Scheduling Conference (Doc. # 17).

### I. BACKGROUND

On February 16, 2005, plaintiff filed her Complaint. She alleges that she applied for an attorney position with the Cass County Prosecutor's office. Despite the fact that she was qualified, she claims that her civil rights were violated when the Prosecutor's office hired Susan McGlone, who plaintiff claims was younger and less qualified.

The Prosecutor's office moves to dismiss plaintiff's Complaint arguing that plaintiff failed to state a claim because Susan McGlone was never hired for the position. The Prosecutor's office also argues that the Complaint should be dismissed as the Complaint was filed out of time. Defendant Chris Koster, the former Cass County

Prosecutor, also moves to dismiss plaintiff's Complaint on the basis that plaintiff failed to exhaust her administrative remedies with regard to Koster, there is no individual liability under the ADA or Title VII, Susan McGlone was never hired for the position, the Complaint is untimely and plaintiff failed to properly serve Koster.

## II. STANDARD

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted). "The purpose of a 12(b)(6) motion is to determine whether the plaintiff has stated a claim upon which relief may be granted.

## III. DISCUSSION

### A. Motion to Dismiss Filed by Cass County Prosecutor's Office

Defendant first argues that plaintiff's Complaint should be dismissed because the Prosecutor's office never employed Susan McGlone. Defendant argues that because

2

Ms. McGlone was not hired, plaintiff cannot allege the elements of a prima facie case and her Complaint should be dismissed. Defendant also argues that plaintiff's Complaint was untimely because she received her Right to Sue letter from the EEOC on October 14, 2004, but her Complaint was not filed until February 16, 2005, which was after the expiration of ninety days.

In her response to the Motion to Dismiss, plaintiff states that she was told by Ms. McGlone that she had been hired by the Cass County Prosecutor's office. Additionally, plaintiff states that when the EEOC investigator contacted defendants, they did not tell her who they had hired for the position. At this early stage of the litigation, the Court will not dismiss plaintiff's Complaint on the basis that the Prosecutor's office did not hire Susan McGlone. No discovery has been conducted and the facts at this stage of the case are unclear. After conducting additional discovery, plaintiff may yet be able to show that the Prosecutor's office hired someone outside of the protected class for the position.

The Prosecutor's office also moves for dismissal because the Complaint was untimely filed. Plaintiff was issued a Notice of Right to Sue letter on October 14, 2004. Plaintiff's Complaint was filed on February 16, 2005. Defendant is correct that this is one hundred and twenty-five days after the notice of right to sue letter was issued. However, defendant ignores that fact that plaintiff filed her Motion for Leave to Proceed in Forma Pauperis on January 12, 2005, ninety days after receiving the Notice of Right to Sue. When a pro se plaintiff files a Motion for Leave to Proceed in forma pauperis, the time during which the motion to proceed in forma pauperis is pending is tolled. Trujillo v. City of Albuquerque, 134 F.3d 383,1998 WL 43177, *2 (10th Cir. 1998)("This limitations period is tolled, however, while a petition for in forma pauperis status is

3

pending."); Jarrett v. U.S. Sprint Communications Co., 22 F.3d 256,259 (10th Cir.), cert. denied, 513 U.S. 951(1994)(same). Therefore, because plaintiff timely filed her Motion to Proceed in forma pauperis on the ninetieth day, the intervening days were tolled while the Court considered her request. Therefore, plaintiff's Complaint was not untimely filed and defendant's Motion to Dismiss on this basis is denied.

Accordingly, for the reasons stated above, the Court hereby **DENIES** the Motion to Dismiss filed by the Prosecutor's Office (Doc. # 9).

**B. Motion to Dismiss filed by Chris Koster**

Defendant Koster advances five reasons why plaintiff's Complaint should be dismissed: 1) failure to exhaust administrative remedies; 2) no individual liability under Title VII or the ADA; 3) failure to state a claim because Ms. McGlone was never employed; 4) complaint was untimely filed and 5) improper service upon defendant Koster. As the Court has already addressed the failure to state a claim and untimeliness argument, that discussion will not be repeated here. The Court will address the other arguments in turn.

**1. Failure to Exhaust Administrative Remedies**

Koster states that plaintiff failed to identify him as a separate respondent in her Charge of Discrimination, and because she has not exhausted her administrative remedies as to him, he is entitled to dismissal. In response, plaintiff states that as she was never employed by the Prosecutor's office, she did not have any administrative remedies to exhaust. Plaintiff misunderstands the nature of a Title VII claim. In Duncan v. Delta Consol. Industries, Inc., 371 F.3d 1020 (8th Cir. 2004), the Court stated:

'In Title VII, Congress set up an elaborate administrative procedure,

implemented through the EEOC, that is designed to assist in the investigation of claims of . . . discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation.' Patterson v. McLean Credit Union, 491 U.S. 164, 180-81, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989)(citing 42 U.S.C. §2000e-5(b)). Title VII requires claimants to timely file a discrimination charge with the EEOC before he or she may bring a Title VII action in court. 42 U.S.C. § 2000e-5(e)(1). It is generally recognized that '[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.' Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996)(quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994)).

Id. at 1024. Thus, it makes no difference that plaintiff was never actually employed by the Prosecutor's Office, she was still required to file a Charge of Discrimination with the EEOC. However, this is precisely what plaintiff did. Defendant Koster's argument is that he is entitled to dismissal because he was not specifically named in the Charge. This is incorrect. In Henry v. E.G.& G. Missouri Metals Shaping Co. Inc., 837 F.Supp. 312 (E.D.Mo. 1993), the Court stated:

> [g]enerally, the aggrieved party must file a charge against a party with the EEOC before s/he can sue that party in court. . . . However, the courts have recognized an exception to this general rule that a defendant must first be named in an EEOC charge. This exception is commonly referred to as the 'identity of interest' exception or where 'substantial identity' exists between the parties before the EEOC and the court. . . . This exception permits a Title VII action to proceed against a party not named in the EEOC charge where there is a clear identity of interest between the unnamed defendant and the party named in the EEOC charge. . . .Where the unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in concilliation proceedings aimed at voluntary compliance, an action against that party may proceed in court.

Id. at 313-314 (citations omitted). See also Brown v. Polk County, Iowa, 811 F.Supp. 432, 438 (S.D.Iowa 1992); Schiele v. Charles Vogel Mfg. Co., Inc., 787 F.Supp. 1541, 1546-47 (D. Minn. 1992). In the instant case, the Court finds that there is an identity of

5

interests between the Cass County Prosecutor's office and Mr. Koster who was the Prosecutor during the time in question. The Court will therefore decline to dismiss plaintiff's Complaint against Mr. Koster on the basis that he was not specifically named in the EEOC charge.

### 2. Individual Liability Under Title VII and the ADEA

Defendant Koster also argues that he is not liable under either Title VII or the ADEA. The Court agrees and addressed this precise issue in plaintiff's related case, <u>Weller v. Legal Aid of Western Missouri</u>, 05-CV-0041-FJG. Defendant Koster is correct that there is no individual liability for supervisors under either of these statutes. Therefore, defendant Koster's Motion to Dismiss the Title VII and the ADEA claims against him in his individual capacity is hereby **GRANTED**.

### 3. Improper Service Upon Defendant Koster

Defendant Koster states that there has been insufficient service of process because plaintiff served him by certified mail. He argues that Fed.R.Civ.P. 4(m) provides that the Court shall dismiss an action if service is not made within 120 days of filing the complaint. Plaintiff filed a Notification of Service and a Motion for Substituted Service on June 21, 2005 (Doc. # 12). She states that she sent the Complaint to defendant Koster via certified mail to the Cass County Commissioner's office and also to Koster's office in Jefferson City, Missouri. Defendant responds that service by certified mail is not allowed under the Federal Rules of Civil Procedure. Plaintiff responds that as a pro se plaintiff she believed that the United States Marshall's office would arrange for service upon the defendants. The Court is unsure as to whether a summons was ever issued for defendant Koster. The docket sheet reflects that summons were issued for the Cass County Prosecutor's office on two different dates,

6

but it appears that no summons was ever issued for defendant Koster.

Fed.R.Civ.P. 4(m) provides that the Court shall extend the time for completing service if plaintiff can show good cause for his failure to complete service. "A showing of good cause requires at least 'excusable neglect'–good faith and some reasonable basis for noncompliance with the rules." Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996); McKenzie v. Lunds, Inc., 63 F.Supp.2d 986, 994 (D.Minn. 1999). "If plaintiff fails to show good cause, the court still may extend the time for service rather than dismiss the case without prejudice." Adams, 74 F.3d at 887.

In the instant case the Court finds that plaintiff is proceeding pro se and had at least made an effort to complete service upon defendant Koster. Therefore, plaintiff will be given an extension of time in which to effect service upon defendant Koster. The Clerk's office is hereby **ORDERED** to forward appropriate process forms to plaintiff and within twenty (20) days, plaintiff shall return the completed summons and service forms to the Clerk's office showing the address where defendant Chris Koster may be served. The Clerk of the Court is directed to issue summons and process and deliver the same to the United States Marshal for service upon the defendant, Chris Koster. The United States Marshal may first attempt service by certified mail, return receipt requested. Therefore, defendant Koster's Motion to Dismiss based on insufficiency of service is hereby **DENIED**.

### IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** the Motion to Dismiss filed by the Prosecutor's Office (Doc. # 9), defendant Koster's Motion to Dismiss is hereby **GRANTED** in part and **DENIED** in part (Doc. # 11), plaintiff's Motion for Substituted Service is hereby **DENIED** (Doc.# 12), plaintiff's Motion for an Extension of

7

Time to Complete Service is hereby **GRANTED** (Doc. # 15) and defendant's Motion for an Extension of Time to Conduct Scheduling Conference and Submit Proposed Scheduling Order is hereby **GRANTED** (Doc. # 17). After defendant Koster is served, the parties shall have twenty days in which to conduct their initial scheduling conference and to submit their proposed Scheduling Order. The Court also notes that plaintiff had previously filed a Motion to Dismiss her case (Doc. # 15). However, in a later pleading plaintiff withdrew that request. Therefore, plaintiff's Motion to Dismiss is hereby **DENIED** as **MOOT** (Doc. # 15).

The Court also notes that in plaintiff's response to defendant's Motion for an Extension of Time to Conduct Scheduling Conference, plaintiff argued that defendant Koster was amenable to suit under 42 U.S.C. § 1983. Defendant responds that plaintiff did not reference § 1983 in her original Complaint, but instead appeared to be alleging a Title VII claim based on age or gender. Thus, it is unclear at this point exactly what claims plaintiff is asserting. If plaintiff wishes to assert a § 1983 claim against the defendants she may file a Motion for Leave to Amend her Complaint.

Date: August 30, 2005
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge